IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH ALLEN RAY, #265617,     )
     )
     Plaintiff,     )
     )
     v.     )  CIVIL ACTION NO. 2:11-CV-786-WHA
     )
DRAPER CORRECTIONAL FACILITY, et al.,)
     )
     Defendants.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Kenneth Allen Ray ["Ray"], a state inmate, challenges actions taken against him during his previous confinement at the Draper Correctional Facility.  Ray names two wardens and the Draper Correctional Facility as defendants in this cause of action.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Draper Correctional Facility are subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

A state prison facility is not a legal entity subject to suit or liability under the provisions of 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Draper Correctional Facility are "based on an indisputably meritless legal theory" and due to be

dismissed as frivolous under 28 U.S.C.§ 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S.

319, 327 (1989).[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Draper Correctional Facility be dismissed prior

to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Draper Correctional Facility be dismissed as a defendant in this cause of

action.

3.  This case, with respect to the plaintiff's claims against Phyllis Billups and Willie

Thomas, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before October 14, 2011**, the parties may file objections to

this Recommendation.  Any objections filed must clearly identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

---

[1]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

   Done this 30th day of September, 2011.


                      /s/Charles S. Coody
                      CHARLES S. COODY
                      UNITED STATES MAGISTRATE JUDGE